# Exhibit A

COPY

23-2-00735-05
SM          3
Summons
15501670

FILED
CLALLAM CLERK

2023 OCT 30 P 1:46

NIKKI GOTHEN

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLALLAM

MALLORIE SKERBECK.

                                Plaintiff,

vs.

OLYMPIC    MEDICAL    CENTER,    a
Washington    company;    PENINSULA
EMERGENCY    SERVICES,    INC.,    a
Washington company; NORTH OLYMPIC
HEALTHCARE NETWORK, a Washington
company; JOSIAH DAVID HILL and
BRIANNA MARIE HILL, husband and wife,
and the marital community comprised thereof;
DAVID A. DORAN and "JANE DOE"
DURAN, husband and wife, and the marital
community comprised thereof; DR. "JOHN
DOE" and "JANE DOE", husband and wife,
and the marital community comprised thereof,"

                                Defendants.

NO.:

**SUMMONS ON COMPLAINT FOR
DAMAGES**

TO THE DEFENDANTS:

A lawsuit has been started against you in the above-entitled Court by Mallorie Skerbeck,

Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with

this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the person signing this summons within 20 days

SUMMONS ON COMPLAINT FOR DAMAGES - 1

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783



Record Certification: I Certify that the electronic copy is a correct copy of the original, on the date filed in this office, and was taken under the Clerk's direction and control. Clallam County Clerk, by _____ Deputy #pages: 2

3AD

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944508-0-0-20240209-173650843

COPY

after the service of this summons, excluding the day of service, if served within the State of Washington (or within 60 days after service of this Summons, if served outside the State of Washington) or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED at Seattle, Washington, this 27th day of October 2023.

DUBIN LAW GROUP

Brad Feit, WSBA #50248
Gregory Simmons, WSBA #59609
P.O. Box 30947
Seattle, WA 98113
Phone: 206-800-8000
Fax: 206-973-1783
E-Mail: Brad@dubinlawoffice.com
             Gregory@dubinlawoffice.com
             Litigation@dubinlawoffice.com
*Attorneys for Plaintiff*

SUMMONS ON COMPLAINT FOR DAMAGES - 2

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944508-0-0-20240209-173650843

COPY

23-2-00735-05
CMP          2
Complaint
15501668

FILED
...ERK

2013 OCT 30 P 1:46

...

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLALLAM

| | |
|---|---|
| MALLORIE SKERBECK,<br><br>                                    Plaintiff,<br><br>vs.<br><br>OLYMPIC    MEDICAL    CENTER,    a<br>Washington    company;    PENINSULA<br>EMERGENCY    SERVICES,    INC.,    a<br>Washington company; NORTH OLYMPIC<br>HEALTHCARE NETWORK, a Washington<br>company;   JOSIAH   DAVID   HILL   and<br>BRIANNA MARIE HILL, husband and wife,<br>and the marital community comprised thereof;<br>DAVID   A.   DORAN   and   "JANE   DOE"<br>DURAN,   husband   and   wife,   and   the   marital<br>community   comprised   thereof;   DR.   "JOHN<br>DOE"   and   "JANE   DOE",   husband   and   wife,<br>and the marital community comprised thereof,"<br><br>                                    Defendants. | NO.:<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff Mallorie Skerbeck by and through her attorney of record, Brad Feit of the Dubin Law Group, and for the cause of action for personal injuries against Olympic Medical Center, a Washington company; Peninsula Emergency Services, Inc., a Washington company; Dr. Josiah David Hill and Brianna Marie Hill, husband and wife, and the marital community comprised thereof; David A. Doran and "Jane" Doran, husband and wife, and the marital community comprised thereof; Dr. "John Doe" and "Jane Doe," husband and wife, and the marital community comprised thereof ,(collectively "Defendants") complains and hereby alleges as follows:

COMPLAINT FOR DAMAGES - 1

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Record Certification: I Certify that the electronic copy is a correct copy of the original, on the date filed in this office, and was taken under the Clerk's direction and control. Clallam County Clerk, by _____ Deputy #pages: 13

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk — Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

## I. IDENTIFICATION OF PLAINTIFF

1.     Plaintiff Mallorie Skerbeck is a resident of Port Angeles, Clallam County, State of Washington.

## II. IDENTIFICATION OF DEFENDANTS

2.     Defendant Olympic Medical Center (Hereinafter referred to as OMC) is an organization operating and existing under the laws of the State of Washington and doing business in Clallam County. OMC's headquarters is at 939 Caroline Street, Port Angeles, WA 98362.

3.     At the time of the incidents complained of herein, Defendant OMC was a "Hospital" as defined by RCW 70.41.020.

4.     Defendant North Olympic Healthcare Network (Hereinafter referred to as NOHN) is an organization operating and existing under the laws of the State of Washington and doing business in Clallam County. NOHN's headquarters is at 240 W. Front St., Port Angeles, WA 98362.

5.     At the time of the incidents complained of herein, Defendant NOHN was a "Health care facility" as defined by RCW 70.38.025.

6.     Defendant Peninsula Emergency Services, Inc. (Hereinafter referred to as Peninsula), is an organization operating and existing under the laws of the State of Washington and doing business in Clallam County. Peninsula's headquarters is at 939 Caroline St., Port Angeles, WA 98362.

7.     At all material times, Dr. Josiah David Hill (Hereinafter referred to as Dr. Hill) was a duly licensed and practicing physician. Dr. Hill practiced at OMC in Clallam County, Washington, and held himself out to be a healthcare provider capable of providing reasonably prudent, competent, and necessary medical care and treatment to his patients. At all material times, Dr. Hill was responsible for and did provide care and treatment to Plaintiff in the context of the physician-patient relationship. Dr. Hill is a resident of Clallam County, Washington. All the alleged acts or omissions by defendant Dr. Hill were in the context of his work as a physician and therefore were on behalf of, and for the benefit of, his marital community. At the time of the

COMPLAINT FOR DAMAGES - 2

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

incidents complained of herein, Defendant Dr. Josiah David Hill was an agent, servant, and/or employee of the OMC and/or Peninsula.

8.    At the time of the incidents complained of herein, Defendant DR. HILL was a "Health Care Provider" as defined by WAC 246-16-020 and a "License holder" as defined by WAC 246-16-210.

9.    At all material times, Defendant David A. Doran (Hereinafter referred to as Doran) was a duly licensed and practicing Registered Nurse. Doran practiced at NOHN in Clallam County, Washington, and held himself out to be a healthcare provider capable of providing reasonably prudent, competent, and necessary medical care and treatment to his patients. At all material times, Doran was responsible for and did provide care and treatment to patients in the context of the physician-patient relationship. Doran is a resident of Clallam County, Washington. All the alleged acts or omissions by defendant Doran were in the context of his work as a Registered Nurse and therefore were on behalf of, and for the benefit of, his marital community. At the time of the incidents complained of herein, Defendant Doran was an agent, servant, and/or employee of the NOHN.

10.    At the time of the incidents complained of herein, Defendant Doran was a "Health Care Provider" as defined by WAC 246-16-020 and a "License holder" as defined by WAC 246-16-210.

11.    At all material times, Defendant "John Doe" was a duly licensed and practicing healthcare provider of an undetermined type. John Doe practiced at NOHN in Clallam County, Washington, and held himself out to be a healthcare provider capable of providing reasonably prudent, competent, and necessary medical care and treatment to his patients. At all material times, John Doe was responsible for and did provide care and treatment to patients in the context of the physician-patient relationship. John Doe is a resident of Clallam County, Washington. All the alleged acts or omissions by defendant John Doe were in the context of his work as a health care provider and therefore were on behalf of, and for the benefit of, his marital community. At

COMPLAINT FOR DAMAGES - 3

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

the time of the incidents complained of herein, Defendant John Doe was an agent, servant, and/or employee of the NOHN.

12.     At the time of the incidents complained of herein, Defendant "John Doe" was a "Health Care Provider" as defined by WAC 246-16-020 and a "License holder" as defined by WAC 246-16-210.

### III. JURISDICTION AND VENUE

13.     The incident complained of herein occurred in the County of Clallam, State of Washington, and this Court has jurisdiction over this cause.

14.     At all times hereinafter mentioned, OMC is and was a hospital facility located in the County of Clallam, State of Washington.

15.     At all times hereinafter mentioned, NOHN is and was a hospital facility located in the County of Clallam, State of Washington.

16.     This Court has jurisdiction over the subject matter of the Complaint under RCW 2.08.010.

17.     This action has been filed within the applicable statutory time periods.

18.     Jurisdiction and venue are proper.

### IV. RELEVANT FACTS

19.     Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 18.

20.     That at all times material herein, Defendant Dr. Hill was an employee of Peninsula and worked on the premises of OMC.

21.     That at all times material herein, Defendant Doran and John Doe were employees of NOHN.

22.     Plaintiff Skerbeck was a patient that was provided care at the facilities of OMC.

23.     On or about January 20, 2022, Patient A arrived at the OMC emergency room for a possible abscess on her right buttock and lightheadedness.

**COMPLAINT FOR DAMAGES - 4**

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

24.    The Defendant, Dr. Hill, was on duty and performed an ultrasound on Patient A's buttock and heart.

25.    After the ultrasound of Patient A's heart was complete, Dr. Hill unhooked her bra and massaged her breasts for several minutes without any documented medical reason.

26.    On or about February 9, 2022, Patient A went to NOHN for follow-up care regarding the abscess. During the visit to NOHN, Patient A spoke to Defendant Doran and Defendant John Doe. Patient A wanted to file a complaint because she didn't want to see Dr. Hill again. Patient A said that when she spoke to Defendant Doran about it, he said, "it wasn't right." Patient A talked to both Doran and John Doe, and they told her she should file a complaint, so it didn't happen to other people. Doran and John Doe told Patient A they would file a complaint for her.

27.    On or about April 16, 2022, Plaintiff arrived at the OMC emergency department after an accidental overdose of fentanyl.

28.    Defendant Hill was on duty and prepared Plaintiff for an EKG and an IV. Plaintiff was lying on her bed in bed with her arm and hand outstretched to the side. Defendant Hill scooted so close to Plaintiff and in such a manner that Plaintiff's hand touched Defendant Hill's genitals through his clothes.

29.    After placing the IV, Defendant Hill exposed Plaintiff's chest to perform an ultrasound. Defendant Hill commented on the Plaintiff's breasts during the procedure, such as "nice boobs."

30.    Defendant Hill completed the procedure and began wiping the lubricant off Plaintiff's chest area. Defendant Hill then cupped, squeezed, and massaged Plaintiff's breasts.

31.    Plaintiff immediately called her boyfriend after Defendant Hill left the room to explain what had happened. Once the nurse entered the room, Plaintiff explained the situation to the nurse. The nurse then assured the Plaintiff that she was safe. However, Defendant Hill returned to Plaintiff's room. Plaintiff told Defendant Hill to get out of her room. Defendant Hill left, but Plaintiff was so upset that she fled the hospital.

32.    This unprofessional behavior with Plaintiff was part of a pattern of unprofessional conduct by Dr. Hill, with numerous patients receiving treatment at OMC. Responding to

COMPLAINT FOR DAMAGES - 5

Dubin Law Group
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

complaints about this conduct, the Washington State Department of Health concluded that Dr. Hill's behavior presented "a substantial risk of imminent danger to the public."

33.    Dr. Hill wrongfully, tortiously, and/or negligently treated Plaintiff, resulting in damages to Plaintiff.

34.    Doran wrongfully, tortiously, and/or negligently treated Plaintiff, resulting in damages to Plaintiff.

35.    John Doe wrongfully, tortiously, and/or negligently treated Plaintiff, resulting in damages to Plaintiff.

36.    In addition to the foregoing acts and omissions for which OMC is liable under agency rules, defendant OMC failed to provide adequate protocols, procedures, oversight, training, and learning expected of a reasonably prudent, accredited healthcare facility.

37.    In addition to the foregoing acts and omissions for which Peninsula is liable under agency rules, defendant Peninsula failed to provide adequate protocols, procedures, oversight, training, and learning expected of a reasonably prudent, accredited healthcare facility.

38.    In addition to the foregoing acts and omissions for which NOHN is liable under agency rules, the defendant NOHN failed to provide adequate protocols, procedures, oversight, training, and learning expected of a reasonably prudent, accredited healthcare facility.

### V. CAUSES OF ACTION

39.    This conduct described above and to be set forth more specifically at or prior to trial renders each of the defendants jointly and severally liable to plaintiffs under various theories, including but not limited to the following:

*First Cause of Action: Medical Negligence of Josiah David Hill, M.D.*

40.    Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 39.

41.    Now and at all times material hereto, defendant Dr. Hill failed to exercise the degree of skill, care, supervision, and learning expected of a reasonably prudent physician in the State of Washington acting in the same or similar circumstances.

**COMPLAINT FOR DAMAGES - 6**

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

42.    As a direct and proximate result of Dr. Hill's negligent acts or omissions, and wrongful, and/or tortuous conduct, plaintiffs have sustained injuries and damages as set forth more fully below.

### Second Cause of Action: Corporate Medical Negligence and Vicarious Liability

43.    Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 42.

44.    Now and at all times material hereto, Defendants Peninsula and OMC breached its non-delegable duty owed directly to Plaintiff. Defendants Peninsula and OMC are jointly and severally vicariously liable per rules of agency for the negligent/wrongful acts and omissions of its physicians, including defendant Dr. Hill. At all times material hereto, Defendant Dr. Hill acted in an "inherent function" of Defendants Peninsula and OMC, within the course and scope of his responsibilities with Defendants Peninsula and OMC, and/or was acting as its agent, or as "ostensible agents" of Defendants Peninsula and OMC.

45.    Now and at all times material hereto, Defendants Peninsula and OMC held themselves out to the public, including Plaintiff, as a provider of competent, reasonably prudent medical care as signified by the accreditation standards of the Joint Commission on Accreditation of Healthcare Organizations, as well as Defendants own bylaws as required under RCW 70.41.010 and WAC 248-18-030. By and through Dr. Hill and, on information and belief, through other medical care providers to be identified through discovery, Defendants Peninsula and OMC negligently/wrongfully failed to exercise the degree of skill, care, and learning expected of a reasonably prudent health care facility in the State of Washington acting in the same or similar circumstances.

46.    As a direct and proximate result of these negligent acts or omissions, and wrongful, and/or tortuous conduct of Defendants Peninsula and OMC, Plaintiff has sustained injuries and damages as set forth more fully below.

### Third Cause of Action: Sexual Battery

**COMPLAINT FOR DAMAGES - 7**

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

47.    Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 46.

48.    Dr. Hill's touching of Plaintiff on the breast without legitimate medical purposes, and on occasion while simulating what appeared to be attempted oral sex, constitute harmful or offensive bodily contacts.

49.    As a result of this harmful and offensive bodily contact, Plaintiff was humiliated and damaged in an amount to be proven at trial.

### Fourth Cause of Action: Negligent Infliction of Emotional Distress and Outrage

50.    Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 49.

51.    Dr. Hill's behavior for purposes of sexual contact with Plaintiff in the context of a physician-patient relationship was extreme and outrageous conduct.

52.    Dr. Hill negligently, intentionally or recklessly inflicted emotional distress on Plaintiff. As a result of Dr. Hill's actions, Plaintiff continues to experience severe emotional distress.

53.    As a direct and proximate result of Dr. Hill's outrageous conduct, Plaintiff suffered injuries and damages in an amount to be proven at trial.

### Fifth Cause of Action: Breach of Duty to Report (Doran and John Doe)

54.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 53.

55.    Defendants Doran and John Doe had a duty to report Dr. Hill's unprofessional conduct and specifying the grounds therefor or to report information to the disciplining authority.

56.    Doran and John Doe's violations of RCW 18.130.080 were done with Defendant NOHN's negligence, knowledge, acquiescence, and/or failure to train and enforce the Defendants' obligation to report professional misconduct that caused the injuries and damages to Plaintiff.

57.    As a direct and proximate result of Dr. Hill's outrageous conduct, Plaintiff suffered injuries and damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 8

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

*Sixth Cause of Action: Negligent Hiring, Retention, And Supervision (OMC and Peninsula)*

58.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 57.

59.     OMC and Peninsula knew or should have known that Dr. Hill had a history of sexual assaults. Despite such knowledge, the OMC and Peninsula negligently retained and failed to adequately supervise Dr. Hill in his position of trust and authority.

60.     Defendants OMC and Peninsula failed to timely adopt policies and procedures to identify potential and actual sexual offenders, prevent their access to patients, and/or remove them from the provision of healthcare services.

61.     Defendants OMC and Peninsula failed to properly investigate Dr. Hill's background to ascertain whether he was suitable to be placed in a position of trust and confidence among children.

62.     As a direct and proximate result of Defendant OMC and Peninsula's outrageous conduct, Plaintiff suffered injuries and damages in an amount to be proven at trial.

*Seventh Cause of Action: Negligent Hiring, Retention, And Supervision (NOHN)*

63.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 62.

64.     NOHN knew or should have known that Mr. Doran had a history of noncompliance with Washington State Rules regarding the proper conduct of a "License holder." Despite such knowledge, NOHN negligently retained and failed to adequately supervise Mr. Doran in his position of trust and authority.

65.     Defendant NOHN failed to timely adopt policies and procedures to ensure proper reporting of improper behavior by medical providers against patients in the provision of healthcare services.

*Eighth Cause of Action: Discrimination Pursuant to RCW 49.60 et seq.*

COMPLAINT FOR DAMAGES - 9

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

66.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 65.

67.    The Washington Law Against Discrimination ("WLAD") makes it unlawful for "any person or the person's agent or employee to commit an act [of] discrimination…in any place of public…accommodation." RCW 49.60.215.

68.    Plaintiff is a member of a protected class based on her sex pursuant to WLAD.

69.    Olympic Medical Center is a place of public accommodation as defined under RCW 49.60.040(2) of WLAD.

70.    The prolonged pattern of sexual abuse Plaintiff suffered by Dr. Hill represents unlawful discrimination against Plaintiff based on her sex and occurred in a place of public accommodation.    Accordingly, Defendants OMC and Peninsula are liable for such acts of discrimination perpetrated by its employee pursuant to WLAD.

71.    Plaintiff's protected status was a substantial factor that caused the discrimination.

72.    As a direct and proximate result of Defendant's discrimination described above, Plaintiff suffered and continues to suffer general and special damages in an amount to be proven at trial.

## VI. RELIEF SOUGHT

73.    Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 72.

74.    As a direct and proximate result of the wrongful conduct of the Defendants alleged above, Plaintiff suffered permanent and serious injuries, including but not limited to the ongoing requirement to participate in therapeutic counseling and psychiatric sessions for the foreseeable future; emotional distress; pain; and suffering.

75.    Plaintiff suffered an emotional injury, pain (both physical and mental), and severe personal injuries. All or a portion of their injuries are likely permanent in nature and have already required and will continue to require ongoing medical care and therapy. Future medical treatment will be necessary.

COMPLAINT FOR DAMAGES - 10

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

76. As a direct and proximate result of Defendant's conduct, Plaintiff is at increased risk for further medical complications, including but not limited to possible multiple personality disorders, schizophrenia, suicide, and institutionalization.

77. As a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress and embarrassment and has lost companionship with family and friends. Plaintiff will continue to suffer pain and humiliation.

78. As a direct and proximate result of Defendant's conduct, Plaintiff has been and will be, in the future, impaired in her activities, personal advancement, enjoyment of life, and development.

79. The full nature and extent of Plaintiff's injuries are unknown to Plaintiff but will be set forth at or before trial.

80. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred medical expenses and expenses for special education.

## VII. LIMITED WAIVER OF PHYSICIAN-PATIENT PRIVILEGE

81. The above-named Plaintiff, pursuant to RCW 5.60.060 (4)(b), hereby waive the physician-patient privilege, effective 89 days after the filing of this Complaint, but only to the extent required, as a prerequisite to the assertion of a claim based on personal injuries or wrongful death, as explained below. The scope of their waiver is as follows:

a) This waiver applies only to the privilege that exists under RCW 5.60.060(4)(b). Specifically, Plaintiff does not waive her constitutional right to privacy or the implied promise of confidentiality that is inherent in the physician/patient relationship, nor do Plaintiff waive the protection of any other source of physician/patient confidentiality.

b) This waiver is subject to any limitations that have been imposed or may be imposed by this Court. This includes the confidentiality order prohibiting dissemination or disclosure of the Plaintiff's identity.

c) This waiver does not grant the Defendants any rights greater than those conferred by the discovery provisions of the Superior Court Civil Rules. In particular, Plaintiff does not consent to her personally being discussed in private meetings or conversations outside the

**COMPLAINT FOR DAMAGES - 11**

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

presence of their attorney, nor does she consent to be the subject of written correspondence with anyone other than their attorney. This waiver is made solely to comply with the obligations required by the 1986 amendments to RCW 5.60.060 requiring such a waiver within 90 days of the filing of an action for personal injuries. This waiver is given for no other purpose and is limited thereby.

d)      Plaintiff does not waive the physician-patient privilege in any respect broader than privileges as set forth in *Loudon v. Mhyre*, King County Superior Court Cause No. 54148-5, filed June 9, 1988.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment jointly and severally against Defendants as follows:

76.     That the Court award Plaintiff judgment against the Defendants, and each of them, jointly and severally, for a fair and reasonable amount to be proven at the time of trial as determined by the trier of fact;

77.     For general damages already incurred and future general damages, in an amount now unknown, which will be proved at the time of trial;

78.     For medical and other treatment expenses incurred and for future medical expenses and other treatment expenses and other costs, in an amount now unknown, which will be proved at the time of trial;

79.     For loss of earnings and/or earning capacity;

80.     For reasonable attorney's fees and costs incurred herein;

81.     For pre-judgment interest; and

82.     For such other and further relief as this Court may deem just and equitable in this cause.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES - 12

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843

COPY

DATED at Seattle, Washington, this 27th day of October 2023.

DUBIN LAW GROUP

Brad Feit, WSBA #50248
Gregory Simmons, WSBA #59609
P.O. Box 30947
Seattle, WA 98113
Phone: 206-800-8000
Fax: 206-973-1783
E-Mail: Brad@dubinlawoffice.com
        Gregory@dubinlawoffice.com
        Litigation@dubinlawoffice.com
*Attorneys for Plaintiff*

**COMPLAINT FOR DAMAGES - 13**

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

Purchased on 2/9/2024 at 5:36:50 PM from Clallam County Clerk - Reference Code: 14915-2944509-0-0-20240209-173650843